UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**POLYMER80, INC.,**

      **Plaintiff,**

v.                                                           Case No. 6:22-cv-934-CEM-LHP

**INDIE GUNS, LLC,**

      **Defendant.**

                                      /

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss ("Motion," Doc. 17) to which Plaintiff filed an Opposition (Doc. 19). For the reasons stated herein, the Motion will be denied.

### I. BACKGROUND

This case arises from a business dispute between Plaintiff, a "design[er] and develop[er]" of "firearms and after-market accessories," and Defendant, a customer of Plaintiff. (Compl., Doc. 1, at 1). Plaintiff alleges that on approximately July 15, 2021, Defendant "placed an order with [Plaintiff] for the purchase of 16,400 various products (the 'Inventory'), for a total purchase price of $702,625.00." (*Id.* at 3). The Invoice (Doc. 1-1), which Plaintiff allegedly sent to Defendant, (Doc. 1 at 3), for the Inventory shows an amount paid of $8,362.59, a remaining amount due of $694,262.41, payment terms of "Net 30," and a due date of August 14, 2021. (Doc.

1-1 at 2, 4). Plaintiff alleges that it shipped the Inventory to Defendant and that Defendant "accepted delivery of the Inventory without rejection or qualification." (Doc. 1 at 3). Despite this, Plaintiff alleges that Defendant failed to timely make any further payment for the Inventory. (*Id.*).

As a result, on September 28, 2021, Plaintiff sent a Demand Letter (Doc. 1-2) to Defendant, demanding "payment in full" for the Inventory within fifteen days. (*Id.* at 3). Following the Demand Letter, Plaintiff alleges that Defendant discussed a "payment plan" with Plaintiff and made a payment of $5,000.00 towards the amount due. (Doc. 1 at 4). Plaintiff then emailed an updated balance sheet to Defendant, showing a remaining balance due of $689,262.41. (Oct. 4, 2021 Email, Doc. 1-3, at 2–4). Plaintiff sent a Second Demand Letter (Doc. 1-4) to Defendant on January 12, 2022, again demanding "payment in full" of the remaining balance due. (*Id.* at 3). Plaintiff claims that Defendant has failed to make any further payments on the remaining amount due. (Doc. 1 at 4).

Plaintiff filed suit, alleging claims for breach of contract (Count I), accounts stated (Count II), and goods sold and delivered (Count III). (*Id.* at 5–8). Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Doc. 17).

## II.   Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III.   Analysis

### A. Count I—Breach of Contract

A breach of contract claim under Florida law[1] consists of the following elements: "(1) a valid contract; (2) a material breach; and (3) damages." *Homes & Land Affiliates, LLC v. Homes & Loans Mag., LLC*, 598 F. Supp. 2d 1248, 1268 (M.D. Fla. 2009) (citing *Abbott Labs., Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000)).

Defendant first argues that Plaintiff has failed to allege the elements for a breach of contract claim because "Plaintiff does not claim that the Invoice was the agreement." (Doc. 17 at 3). The Court disagrees. Accepting the factual allegations in the Complaint as true and construing them in a light most favorable to Plaintiff—which the Court must do at this stage—Plaintiff has sufficiently alleged that it had a contract with Plaintiff by attaching the Invoice to the Complaint and alleging that the Invoice "effect[ed]" the parties' agreement for the sale and purchase of the Inventory. (Doc. 1 at 3, 5).

Next, Defendant argues that the Purchase Order (Doc. 17-1), not the Invoice, governs the terms of the agreement between the parties. However, the Purchase Order was not attached to the Complaint, so the Court must first determine whether it may consider the Purchase Order at this stage. Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the

---

[1] For the purposes of the Motion to Dismiss, the parties appear to agree that Florida law governs. (Doc. 17 at 3; Doc. 19 at 5–6).

complaint." *St. George*, 285 F.3d at 1337. The Court may—in its discretion—look beyond the complaint if the evidence presented is "central to the plaintiff's claim, and . . . its authenticity is not challenged," *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1232 (11th Cir. 2022), if "documents [are] incorporated into the complaint by reference," *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013), or if there are "matters of which a court may take judicial notice," *id.*

Defendant contends that the Purchase Order is referenced in the Complaint and therefore incorporated by reference. However, Defendant fails to point to where in the Complaint Plaintiff purportedly references the Purchase Order, and the Court cannot find any such reference therein. Defendant also appears to argue that the Court should consider the Purchase Order because "[i]ndicia of its reliability and authenticity abound." (Doc. 17 at 4). However, Defendant fails to acknowledge the other requirement for consideration of an authentic document outside the Complaint, i.e., that it be central to Plaintiff's claim. Defendant does not even attempt to explain why the Purchase Order is central to Plaintiff's claim. Accordingly, the Court will not consider the Purchase Order, nor any of Defendant's arguments premised upon the Purchase Order, at this stage.

Finally, Defendant argues that Count I should be dismissed because "Plaintiff fails to allege the delivery of the Invoice before August 14, 2021." (Doc. 17 at 7). Looking to the allegations in the Complaint, Plaintiff alleges that it sent the Invoice

to Defendant, though Plaintiff does not allege a particular date which it did so. Nonetheless, taking all inferences in favor of Plaintiff, this allegation along with the surrounding allegations in the Complaint is sufficient to infer that Plaintiff sent the Invoice to Defendant at some point around the time Defendant ordered the Inventory and Plaintiff shipped the Inventory. Accordingly, Count I will not be dismissed.

    B.    **Count II—Accounts Stated**

Under Florida law, "[f]or an account stated to exist, there must be an agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance." *First Union Disc. Brokerage Servs. v. Milos*, 997 F.2d 835, 841 (11th Cir. 1993) (quoting *Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am.*, 611 So. 2d 564, 565 (Fla. 4th DCA 1992)); *Burt v. Hudson & Keyse, LLC*, 138 So. 3d 1193, 1195–96 (Fla. 5th DCA 2014) ("In order to establish a claim for account stated, [the plaintiff] was required to prove that there was 'an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment.'" (quoting *Martyn v. Amold*, 36 Fla. 446, 18 So. 791, 793 (Fla. 1895))).

Defendant argues that Count II must be dismissed because Plaintiff has not pleaded a previous course of dealings between the parties. "[A]n essential element of an account stated cause of action is proof of the existence of a business relationship between the parties." *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 949 (Fla. 2020). Defendant contends that the business relationship between

the parties must have occurred prior to the instant transaction, (Doc. 17 at 8), whereas Plaintiff argues that the business relationship need only exist prior to presentment of the balance due, (Doc. 19 at 18 (citing *Everett v. Webb Furniture Co.*, 124 So. 278, 279 (Fla. 1929)). Defendant fails to cite any legal authority to support its position, and Plaintiff's contention is well-supported by case law. That is, the Florida Supreme Court has stated that "[i]t might be assumed that, if the plaintiff shipped the goods, and afterwards the defendant received and accepted the goods, such transactions between the parties would be sufficient to constitute a basis for an account stated, if the account stated was thereafter rendered to the defendant." *Everett*, 124 So. at 279; *Nicolaysen v. Flato*, 204 So. 2d 547, 549 (Fla. 4th DCA 1967). This scenario describes exactly the business relationship between the parties in this case. The Complaint alleges that Defendant ordered the Inventory and made a down payment, and Plaintiff shipped the Inventory and sent the Invoice to Defendant; then when Defendant failed to pay, Plaintiff sent further demands to Defendant for payment, in response to which Defendant made a further payment of $5,000.00. After all of this, Plaintiff sent an updated balance sheet to Defendant with the remaining amount due. At this stage, these allegations are sufficient to state a claim for accounts stated, so Count II will not be dismissed.

    **C.**    **Count III—Goods Sold and Delivered**[2]

---

[2] Plaintiff refers to Count III as "Goods Sold and Delivered." (Doc. 1 at 7). The Court construes this as a claim for goods sold and delivered on an open account. *Nat'l Christmas Prods. v. OJ Com., Ltd. Liab. Co.*, No. 22-60897-CIV-DIMITROULEAS, 2022 U.S. Dist. LEXIS

A "claim for goods sold and delivered on an open account in Florida . . . requires proof of a sales contract between the creditor and debtor, and proof that the amount claimed by the creditor represents either the agreed upon sales price or the reasonable value of the goods actually delivered." *Alderman Interior Sys., Inc. v. First Nat'l-Heller Factors, Inc.*, 376 So. 2d 22, 24 (Fla. 2d DCA 1979). Thus, Plaintiff must show (1) that a sales contract existed, (2) that the amount claimed represents either the agreed upon sales price or the reasonable value of the goods delivered, and (3) that the goods were actually delivered. *See E-Z Pack Mfg., LLC v. RDK Truck Sales & Serv.*, No. 8:10-cv-1870-T-27AEP, 2011 U.S. Dist. LEXIS 97274, at *17 (M.D. Fla. Aug. 10, 2011) (citing *Evans v. Delro Indus., Inc.*, 509 So. 2d 1262, 1263 (Fla. 1st DCA 1987)). Plaintiff must also attach an "itemized" copy of the open account to the complaint. *Supermedia LLC v. Pre Enters.*, No. 8:10-cv-000647-T-30TGW, 2010 U.S. Dist. LEXIS 83307, at *6 (M.D. Fla. July 8, 2010) (citing *H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So. 2d 697, 700 (Fla. 5th DCA 1994)).

Defendant's only argument for dismissal of this claim is that Plaintiff failed to allege a contract between the parties, the same argument asserted as to Count I. As explained above, Plaintiff has sufficiently alleged a contract between the parties by providing a copy of the Invoice and alleging that it was sent to Defendant along

---

151218, at *9 n.2 (S.D. Fla. Aug. 23, 2022); *Esprit Stones Private v. Rio Stone Grp.*, No. 6:19-cv-637-CEM-LRH, 2021 U.S. Dist. LEXIS 205743, at *18 n.16 (M.D. Fla. July 28, 2021).

with the Inventory. *See also Esprit Stones Private v. Rio Stone Grp.*, No. 6:19-cv-637-CEM-LRH, 2021 U.S. Dist. LEXIS 205743, at *19 (M.D. Fla. July 28, 2021) (discussing the "apparent requirement that a claimant allege a 'sales contract'" (quoting *E-Z Pack Mfg.*, 2011 U.S. Dist. LEXIS 97274, at *18 (collecting cases))). Accordingly, Count III will not be dismissed at this time.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 15, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record