UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**POLYMER80, INC.,**

      **Plaintiff,**

v.                                                                          Case No.  6:22-cv-934-CEM-LHP

**INDIE GUNS, LLC,**

      **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on the parties' Stipulation of Dismissal ("Joint Stipulation," Doc. 34). The Joint Stipulation cites Federal Rule of Civil Procedure 41(a) but does not specify which subsection of that Rule the parties rely on. (*Id.* at 1). However, because the Joint Stipulation is filed jointly by both parties, the Court presumes that the parties are attempting to proceed pursuant to Rule 41(a)(1)(A)(ii) or Rule 41(a)(2). Rule 41(a)(1)(A)(ii) permits dismissal upon a "stipulation of dismissal signed by all parties who have appeared," whereas Rule 41(a)(2) allows for voluntary dismissal upon motion and "court order, on terms that the court considers proper."

Here, Defendant was previously advised by the Court that an LLC may not proceed without counsel. (Feb. 27, 2023 Order, Doc. 32, at 2 (citing M.D. Fla. R.

2.02(b)(2)). The Joint Stipulation is signed by Plaintiff's counsel and Lawrence M. Destefano, "Managing Member" of Defendant. (*Id.* at 1). Destefano, acting without counsel, may not dismiss the action on behalf of Defendant. Therefore, the parties' Joint Stipulation is ineffectual under Rule 41(a)(1)(A)(ii).

The Court will construe the Joint Stipulation as a motion for dismissal pursuant to Rule 41(a)(2), which allows for voluntary dismissal upon motion and "court order, on terms that the court considers proper." "The purpose of [R]ule [41(a)(2)] is primarily to prevent voluntary dismissals which unfairly affect the other side." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) (quotations and citations omitted). In accordance with this purpose, the Court "should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* And while "[t]he plaintiff's right to a voluntary dismissal without prejudice is not absolute," *Peterson v. Comenity Cap. Bank*, No. 6:14-cv-614-Orl-41TBS, 2016 U.S. Dist. LEXIS 92616, at *1 (M.D. Fla. May 2, 2016) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)),[1] "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice." *McCants*, 781 F.2d at 856–57 (emphasis in original).

---

[1] Decisions of the Fifth Circuit entered before October 1, 1981, are binding on the courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Here, Plaintiff requests dismissal *with* prejudice, and Defendant's Managing Member clearly consents to dismissal of this case because Defendant signed the Joint Stipulation. (Doc. 34 at 1). Therefore, the Joint Stipulation, construed as a motion pursuant to Rule 41(a)(2), is due to be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Joint Stipulation (Doc. 34), construed as a motion, is **GRANTED**.

2. This case is **DISMISSED with prejudice**.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 12, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party